## FLETCHER v. LAWS et al.
### No. 5659.

Court of Appeals of the District of Columbia.
Argued Feb. 6, 1933.
Decided March 6, 1933.

Motion for Reargument Denied March 30, 1933.

164

Edmond C. Fletcher, of Washington, D. C., for appellant.

Bolitha J. Laws and Lucien H. Vandoren, both of Washington, D..C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

An appeal from an order of the Supreme Court of the District of Columbia, holding a general term, disbarring the appellant from practicing as an attorney or counselor before the bar of the court.

On May 1, 1931, the committee on grievances of the lower court charged appellant, an attorney of that court, with acts alleged to constitute malpractice, unethical and improper conduct, rendering appellant unfit to be a member of the bar, and unworthy of the confidence of the court, his clients, and of the public.

On November 11, 1931, the lower court in general term, having heard the testimony, made a finding of facts in substance as follows:

That about November 10, 1925, the city of Cape May, a municipal corporation of New Jersey, employed appellant as an attorney at law to prosecute a claim against the United States in the Court of Claims upon a contingent fee. Appellant thereupon filed a suit in accordance with this employment. On December 5, 1927, the Court of Claims made special findings of facts and conclusions of law in the case, and delivered its opinion, adjudging that the city of Cape May recover from the United States the sum of $31,041.07, together with interest as prescribed.

Prior to August 6, 1929, appellant had borrowed from one Van Senden a sum in excess of $2,000, and later requested a further loan of $1,000 from him. Van Senden agreed to make the additional loan on condition that appellant assign to him a sufficient portion of his interest in the judgment before mentioned to repay the $2,000 of the existing loan and the proposed additional loan of $1,000. Appellant thereupon executed a written instrument which recited that he was entitled to compensation for services in the foregoing case in approximately the sum of $5,120, and that he assigned and transferred to Van Senden an interest equal to $3,030 in his equitable interest in the aforesaid judgment, the same to be paid out of the first moneys to which appellant might be entitled under his contract of employment. Upon the faith of this assignment Van Senden made a further loan of $1,000 to appellant. By letter dated August 6, 1929, Van Senden sent the original assignment to the city of Cape May, with the request that the city council accept such assignment and record the same, and that, when the judgment was paid, the city council should cause to be delivered to him a check for $3,030. Appellant in a footnote to this letter, joined in requesting that the city accept the assignment, and added "Mr. Van Senden has been of very great assistance to me in this litigation, having advanced necessary moneys with which to prosecute the same." The city of Cape May, however, did not at the time formally accept the assignment.

Appellant was dissatisfied with the amount of the judgment rendered by the Court of Claims, and contemplated applying to Congress for further compensation. The city of Cape May, however, desired to collect on the existing judgment. Finally, in April, 1931, appellant advised the city that it might safely accept the amount due on the existing judgment, and the city accepted the sum of $33,743.92 in settlement thereof. Van Senden died on October 4, 1929, and administrators were appointed upon his estate. Mr. Ballinger, a member of this bar, had been attorney for Van Senden and continued to act as attorney for the estate. He learned that the check had been sent to the treasurer of the city of Cape May, and discussed the matter with appellant, suggesting that, if appellant intended to go to Cape May to collect his fee, he (Ballinger) might go along. Appellant stated that he had no intention of going to Cape May. This statement was untrue; at the time it was made appellant did intend to go to Cape May for the purpose of collecting his fee. Appellant never suggested to Mr. Ballinger, or to any other representative of the Van Senden estate, that he would in any way question the assignment or do anything to prevent payment thereof to the Van Senden estate by the city of Cape May. Mr. Ballinger thereupon communicated with Mr. Volcker, city manager of the city of Cape

May, and the latter promised to inform Mr. Ballinger before any payment should be made to appellant.

The check for $33,743.92 was forwarded to the treasurer of the city of Cape May on May 22, 1930. Appellant, on May 28, 1930, in a letter addressed to the city manager of Cape May, expressly repudiated the assignment to Van Senden, and demanded that the entire amount of his fee, to wit, $5,120, be paid to him. Mr. Volcker informed appellant of his promise to notify Mr. Ballinger, and stated he would immediately telephone to him. Whereupon appellant threatened that, if Mr. Volcker did anything which prevented him from personally collecting the entire amount of his fee, appellant would sue him for damages. Appellant further stated that, if his entire fee was paid to him, he intended immediately on his return to Washington to pay Van Senden. By these means appellant succeeded in collecting the entire sum of $5,120 from the city of Cape May, which was paid on or about May 31, 1930. Appellant was in Cape May about six days in May, 1930, and had many interviews with the officials of that city. During the first interview he recognized the assignment to Van Senden as valid, but on May 29th he repudiated it, and by means aforesaid succeeded in collecting from the city the entire sum of $5,120. Appellant admitted that the sum of $3,030 represented money actually loaned to him by Van Senden, and that the entire sum was due.

At this time appellant was in bad financial condition, and there was no way of collecting moneys from him by legal process. Appellant at the time of collecting the sum from the city did not intend to pay any part thereof to the Van Senden estate, but intended to retain the same for his own use.

The administrators of the Van Senden estate then brought suit in chancery in New Jersey against the city of Cape May upon the assignment above set out, and recovered judgment against the city for the amount thereof, which was paid by the city.

Appellant has not paid the sum of $3,030, or any part thereof, to the Van Senden estate, and he has made no arrangements to reimburse the city of Cape May for the payment which it was compelled to make as aforesaid.

The lower court announced as its conclusion upon these facts that appellant was guilty of malpractice and unethical and unprofessional conduct, rendering him unfit to be a member of the bar of the court. Appellant accordingly was disbarred, and his name was stricken from the list of attorneys of the court.

The record before us does not contain the testimony which was heard by the lower court at the trial. The findings of fact made by the trial court therefore are conclusive. The record contains numerous technical exceptions taken by appellant, but it wholly fails to disclose any real defense to the accusations made against him. The sole question at present is whether the facts found by the lower court sufficiently sustain the charge of misconduct made against the appellant. We have no hesitation in saying that the facts fully sustain the charge. The appellant willfully practiced a fraud upon his client, as well as upon Van Senden, in the course of his professional employment, whereby he sought to gain, and succeeded in gaining, a pecuniary advantage for himself at the expense of either or both of these parties. His conduct deserves condemnation both in morals and law.

The order of the lower court is affirmed, with costs.