## ARNSTEIN v. BROADCAST MUSIC, Inc., et al.
### No. 247.

Circuit Court of Appeals, Second Circuit.

July 28, 1943.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

Ira B. Arnstein, plaintiff-appellant in person.

Goldmark, Colin & Kaye, of New York City (Robert J. Burton, of New York City, of counsel), for Broadcast Music Inc., defendant-appellee.

Julian T. Abeles, of New York City, for vouchee, Edward B. Marks Music Corporation.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff sues for infringement of nine copyrighted songs alleged to have been composed by the plaintiff and infringed by the defendants. The complaint was dismissed as to the three songs embraced in the Fifth, Seventh and Eighth causes of action on the ground that the plaintiff failed to prove that they were copyrighted and as to the song "The White Cliffs of Dover," embraced in the Ninth cause of action, because the plaintiff had failed to prove that it was ever published, broadcast, recorded or publicized by the defendants. The plaintiff has abandoned his appeal from the disposition of these four claims. (See p. 2 of his brief.) This leaves only the First, Second, Third, Fourth and Sixth causes of action to be dealt with.

### First Cause of Action.

The song in this cause of action was copyrighted in February, 1937, under the name of "Sadness Overwhelms My Soul." It is claimed to have been infringed by the copyrighted song "I Hear a Rhapsody," belonging to Broadcast Music Inc. (hereinafter called B. M. I.). The District Court found that one Fragos composed the accused song in 1935 and 1936 with the as-

sistance of the defendant Baker, that Fragos and Baker had never seen "Sadness Overwhelms My Soul," or heard it played, prior to composing "I Hear A Rhapsody," and that there was no proof of access on the part of B. M. I., or the composers before the plaintiff submitted his composition to B. M. I. for examination on August 21 or 22, 1940. There is also a finding that the melodies of the two songs when played are not similar to the layman's ear and that they are substantially dissimilar in musical notation, accent and rhythm. Even the plaintiff's expert is found to have admitted "that if the two songs were played, they would not sound alike, nor if compared measure by measure; that only by dissecting them could you get similarity."

 While the appellant in his brief gives a different version of the composition "I Hear A Rhapsody" from the one in the findings of the District Court, these findings negative his cause of action. Moreover, he did not include in his record on appeal the testimony of the witnesses and has presented nothing to us which disturbs the disposition of the District Court. "We must therefore take the facts to be as the trial court has found them." Pratt v. Stout, 8 Cir., 85 F.2d 172, 176; Fletcher v. Laws, 62 App.D.C. 40, 64 F.2d 163, 165.

### Second Cause of Action.

According to the findings the plaintiff copyrighted the song in the second cause of action on September 12, 1929, which is now known as "My Gypsy Love." He never had it recorded on phonograph records or published, but submitted it to E. B. Marks Music Corporation in February or March, 1931. The accused composition "Yours" was found to have been composed in 1921 by Gonzalo Roig, a resident of Cuba, and copyrighted in Cuba where a witness heard it played in 1926. On March 24, 1931, the E. B. Marks Music Corporation contracted with Roig for the publication of "Yours" in the United States and it was copyrighted here on November 30, 1931. It was found by the District Court, and is indeed obvious, that there was no access of the composer of "Yours" to the music of "My Gypsy Love." It was also found that the compositions are not similar to the layman's ear and that they are dissimilar in musical notation, accent and rhythm. As in case of the First count there is no testimony in the record to contradict the findings which, accordingly, are binding on us.

### Third Cause of Action.

Plaintiff's song "V'Shomru," a Hebrew prayer copyrighted in 1922, is claimed to have been infringed by defendant's song "Perfidia." "Perfidia" was found to have been composed by Albert Dominguez, a Mexican composer, who had been living in that country since 1932. The District Court found that "Perfidia" was copyrighted in the United States in 1939, that the plaintiff submitted "V'Shomru" to B. M. I. on August 21 or 22, 1940, and that the two compositions are substantially dissimilar in musical notation, accent and rhythm. It also found that plaintiff's expert said that they did not sound alike but if both were played adagio they would sound more alike and that defendant's expert testified that there was no similarity. As in case of the other counts, there is nothing in the record to contradict the findings.

### Fourth Cause of Action.

Plaintiff's song "Whisper To Me," copyrighted on February 29, 1932, is claimed to have been infringed by the defendant's song "It All Comes Back To Me Now." The accused song was found to have been composed by Kramer, Zaret and Whitney, on September 3, 1940, and copyrighted by the assignee B. M. I. on October 21, 1940. Plaintiff submitted his song to B. M. I. August 21 or 22, 1940. The District Court found that the composers of the accused song never saw a copy of "Whisper To Me," or heard it played prior to the trial of this suit, that there was no proof of access and no similarity in the compositions. Nothing appears to contradict these findings.

### Sixth Cause of Action.

 Plaintiff's march "Soldiers Of Zion," copyrighted April 27, 1918, is claimed to have been infringed by the song "Frenesi," which admittedly was broadcast by the defendant. The District Court found that the accused song, like the Hebrew prayer in the Third Cause of Action was composed by Dominguez, who had been living in Mexico since 1932. "Frenesi" is a tango found to be entirely different from the plaintiff's sacred march. It was also found that the plaintiff admitted that a layman would not readily recognize it. The District Court also found that the melodies are not similar to the layman's

412

ear and are substantially dissimilar in musical notation, accent and rhythm. The findings of failure to prove access under either the Third or the Sixth Causes of Action seem not only to be uncontradicted but to be in accord with inherent probabilities. That a noted Mexican musician in composing Spanish dances had in mind the sacred religious music of "V'Shomru," or "Soldiers of Zion," seems to us unlikely. It is still more unlikely that he appropriated anything from the realm of sacred music, and proof of copying is necessary to establish infringement of a copyright. Arnstein v. Edward B. Marks Music Corp., 2 Cir., 82 F.2d 275.

The appellant having failed to prove access seeks to have copying inferred from the similarity of the compositions. Here again he is met by the findings of the trial judge who in a most painstaking way heard the songs played again and again. With the relatively few musical intervals that exist and the vast amount of music in the public domain it is rash to infer that a sequence that may be found in a melody is copied from any particular song containing the same sequence, rather than taken from other sources. When we are confronted with the fact that similarities between these songs cannot be readily detected by the lay ear, nor by the effect of the composition as a whole, but can only be discovered by what Judge Hough aptly called "dissection," Dymow v. Bolton, 2 Cir., 11 F.2d 690, 692, we can find no infringement. Technical analysis "is not the proper approach to a solution; it must be more ingenuous, more like that of a spectator, who would rely upon the complex of his impressions * * *". Nichols v. Universal Pictures Corp., 2 Cir., 45 F.2d 119, 123. Without proof that there is similarity in a substantial sense there can be no finding of infringement. Marks v. Leo Feist, Inc., 2 Cir., 290 F. 959. There must be an appropriation that is substantial and capable of apprehension by the music loving public to justify such a finding. The comparison submitted by the appellant in support of his claim of copying has been examined with the result that the claimed similarities seem to be so fragmentary and unsubstantial as to require adherence to the conclusion of the District Court that the compositions as a whole do not sound similar.

For the foregoing reasons, the decree is in all respects affirmed.