**FLETCHER v. UNITED STATES.**

No. 5866.

United States Court of Appeals
Fourth Circuit.

Argued April 4, 1949.
Decided May 17, 1949.

---

374

Edmond C. Fletcher, pro se.

Robert N. Pollard, Jr., Assistant U. S. Attorney, and George R. Humrickhouse, U. S. Attorney, Richmond, Va., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal by Edmond C. Fletcher from a judgment of the United States District Court for the Eastern District of Virginia adjudging him guilty of contempt of court and imposing a fine of fifty dollars as punishment for the contempt. The contempt consisted in holding himself out as an attorney licensed to practice in the court and filing a motion and supporting affidavit as such attorney in a cause pending therein. The facts are as follows:

On January 5, 1931, appellant was admitted to practice in the United States District Court for the Eastern District of Virginia as a resident of Washington, D. C., on the motion of another attorney practicing before the court. He thereupon took the required oath and was duly enrolled among the attorneys practicing at its bar. Subsequently appellant was disbarred in the District of Columbia. Fletcher v. Laws, 62 App.D.C. 40, 64 F.2d 163; and, on June 20, 1933, on the basis of this disbarment, he was disbarred by the United States District Court for the Eastern District of Virginia in an order which prohibited him from practicing law in that court or from holding himself out as a practitioner therein, and directed that his name be stricken from the roll of attorneys of the court. A subsequent motion by appellant to expunge from the records of the court the proceedings relating to his disbarment on the ground that same were void was denied in an order entered on April 29, 1948.

On December 19, 1947, there was instituted in the United States District Court for the Eastern District of Virginia a civil action in which the complaint was signed by appellant and another attorney resident in the District; and on October 12, 1948, appellant filed or caused to be filed in the court a motion for summary judgment in that cause and a supporting affidavit, both of which he signed as attorney for the plaintiff. Hon. Albert V. Bryan, one of the Judges of the District, thereupon issued an order to appellant to show cause why he should not be attached for contempt for practicing law in the court and holding himself out as a practitioner therein. The notice to show cause was served on appellant in the District of Columbia. He appeared in person in response thereto and entered a special appearance, moving to dismiss the proceedings on the ground that process could not be served upon him beyond the jurisdiction of the court. When this motion was overruled, he filed an answer in which he admitted practicing law in the court and holding himself out as a practitioner therein, but denied that he had been disbarred, contending that the order of June 20, 1933, was not valid. The order to show cause was heard before Hon. John Paul, who adjudged the defendant guilty of contempt and fined him $50.

The points of appellant, eight in number, are addressed to three contentions, viz.: (1) that appellant was not properly brought before the court because the order to show cause was served upon him outside the District; (2) that the proceedings were void because not supported by a motion or affidavit of some person other than the judge who signed the order; and (3) that the order of disbarment was void. We think that there is no merit in any of these contentions.

So far as the service of the order to show cause is concerned, it seems clear that the service was sufficient. This was a proceeding in criminal contempt; and process, whether a warrant or a summons, against a defendant in a criminal proceeding may be served "at any place within the jurisdiction of the United States." See

Rule 4(c) (2), Rules of Criminal Procedure, 18 U.S.C.A., also Brooks v. United States, 9 Cir., 119 F.2d 636, 644. And apart from this, the defendant personally appeared in court in response to the order to show cause; and he could not in a criminal proceeding question the court's jurisdiction over his person when he was personally present in court, by calling his appearance a special appearance.

 It is equally clear that there is nothing in the point that the order to show cause was invalid because not based upon a sworn complaint or affidavit, when it appeared from the records of the court itself that its disbarment order was being violated. It was the duty of the judge to see that orders relating to the right to practice in his court were not violated in proceedings instituted before him; and it was perfectly proper that he issue a show cause order on the basis of the facts which had come to his attention through proceedings in his court and require appellant to appear and answer for the contempt of which he had been guilty with respect to these proceedings. See Booth v. Fletcher, 69 App. D.C., 351, 101 F.2d 676, 680. It is expressly provided by statute that the court shall have power to punish by fine or imprisonment the contempt involved in disobedience of its orders, 18 U.S.C.A. § 401(3); and there is nothing in the statute which limits the power of the court to cases commenced by the complaint or affidavit of another person. Certainly the judge may take cognizance of the records of his own court. If the disobedience involves violation of a criminal statute, the proceedings must conform to those required in other criminal cases, see 18 U.S.C.A. §§ 402, 3691, but that question does not arise here because the disobedience charged against the defendant does not constitute the violation of a criminal statute.

 As appellant admitted the acts constituting the contempt charged, he was properly convicted unless the order of disbarment was invalid; and there was no reason to hold it invalid. The only reason suggested by appellant is that the court had no jurisdiction to enter it; but it is perfectly clear that the court had jurisdiction to enter an order of disbarment against one who had been admitted to practice on mere motion and who had been disbarred in the District of his residence. Certainly, after the original disbarment order had been challenged by appellant's motion to expunge and had been upheld against that motion, it was not open to him to contend that the order was void. And it makes no difference, as argued by appellant, that the judge may have signed the order denying the motion to expunge elsewhere than at Norfolk, nor that the proceedings for contempt may have been instituted and heard elsewhere within the District, since the power of the District Judge extends throughout the District. Rosecrans v. United States, 165 U.S. 257, 17 S.Ct. 302, 41 L.Ed. 708.

 Appellant complains because the judge did not require the record of the disbarment proceedings of 1933 to be produced before him so as to determine whether or not the order of disbarment was a nullity; but there is nothing in this point. There is no question as to the entry of the order of disbarment by Judge Way, which is printed in full in appellant's appendix; and there can be no question as to his power to enter the order, in view of the disbarment in the District of Columbia which is referred to in the order and is reported in 62 App.D.C. 40, 64 F.2d at 163. Appellant could not, of course, by questioning the validity of the order, have a retrial of the questions there decided.

 It makes no difference that the name of appellant had not been physically erased from the roll of attorneys of the court. The order directing that his name be stricken from the roll removed him therefrom for all intents and purposes as completely as if his name had actually been erased.

There was no error and the judgment appealed from will be affirmed.

Affirmed.