**In the Matter of Edmond C. FLETCHER on a charge of Criminal Contempt.**

**Appeal by Edmond C. Fletcher.**

**No. 6804.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 11, 1954.
Decided Nov. 8, 1954.
Writ of Certiorari Denied
Jan. 31, 1955.
See 75 S.Ct. 347.

Edmond C. Fletcher, pro se.

R. R. Ryder, Asst. U. S. Atty., Richmond, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., and James R. Moore, Asst. U. S. Atty., Richmond, Va., on brief), for the United States.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This appeal is taken from a judgment of the District Court whereby it was found that Edmond C. Fletcher was guilty of criminal contempt of court and a fine of $100 was imposed to be paid in sixty days. The judgment also provided that if the fine was not paid, the defendant should be imprisoned for thirty days. The case was tried upon an order of notice of contempt charge issued on December 15, 1953 by Judge Albert V. Bryan of the Eastern District of Virginia, wherein the essential allegations constituting the charge were set out in substance as follows:

On January 17, 1933, in the case of United States v. Gilliam and Ellis, Re-

ceivers of the Quantico Company, Incorporated, in the District Court for the Eastern District of Virginia, a decree was entered perpetually enjoining the respondents therein, their agents, attorneys and employees, from bringing or procuring to be brought, or otherwise instigating, any action or proceeding intended to disturb the United States in the possession of certain parcels of land at the United States Marine Corps Post at Quantico, Virginia, and from in any manner claiming title thereto.

On August 4, 1953 Fletcher violated this decree by depositing with the clerk of said court a motion to intervene in the form of a paper entitled "Intervener's Complaint" in the suit in said court of Ellis, Receiver of the Quantico Company v. Cates, and sought by such complaint to disturb the United States in the possession of the lands above referred to.

On October 9, 1953 Fletcher further violated the injunctive decree by appearing in the chambers of the judge of the court and before the judge at a pretrial conference to prosecute the intervener's complaint.

The order of Judge Bryan further declared that by filing said complaint and by appearing at the conference, Fletcher attempted to assert for himself a claim which he could assert and enforce only as an attorney permitted to practice in the court; but that he was not such an attorney and was not allowed to appear therein as an attorney, having been heretofore found guilty of criminal contempt for so doing. It was further ordered that a copy of the charges be served upon Fletcher as notice of the charge of criminal contempt against him, and that a copy be sent to the United States Attorney who was designated to prosecute the charge.

Notice of the charge was served upon Fletcher. He thereupon filed an affidavit of personal bias or prejudice against Judge Bryan, who retired from the case, and Judge John Paul of the Western Dis-

as follows: "The words 'or a discharge denied' and 'or denial of discharge' were added on the recommendation of the De-

partment of Justice to supply an omission in existing law."

trict of Virginia was duly designated to sit in the hearing of the case. Fletcher also filed an affidavit of personal bias or prejudice on the part of Judge Paul, but since the statute only permits the filing of one such affidavit, Judge Paul refused to disqualify himself.

Fletcher filed an answer to the charge in which he claimed that the order to show cause was void because it failed to comply with Rule 42 of the Rules of Criminal Procedure. Rule 42 (a) provides for the summary punishment of contempts committed in the actual presence of the court by the judge if he certifies that he saw or heard the conduct constituting the contempt. Rule 42(b) provides that, except as provided in sub-division (a), a criminal contempt shall be prosecuted on notice which shall be given orally by the judge in open court in the presence of the defendant, or on application by the United States Attorney or an attorney appointed by the court for the purpose, by an order to show cause.

The basis for the contention that the order to show cause was void is that it was drawn by Judge Bryan while in chambers and not by an attorney for the United States or other attorney; and that it contains no certificate of the judge as provided by Rule 42(a), and fails to show that it was orally given by the judge in open court in the presence of the defendant or on application of the United States Attorney or an attorney appointed by the court for that purpose, as required by Rule 42(b).

■ These contentions of the defendant are not tenable. The case was not tried summarily but was tried by Judge Paul after the answer was filed, and there was no need for the certification by the judge that the contempt was committed in the actual presence of the court. The fact that the judge drew the order to show cause upon his own motion rather than upon the application of the United States Attorney or an attorney appointed by the court for the purpose is immaterial. The power of a court of the United States to punish by fine or imprisonment such contempt of its authority as disobedience to its lawful orders or commands is clearly defined in 18 U.S. C.A. § 401.[1] It becomes the duty of the judge to take affirmative action when the lawful commands of the court are defied; and it was not the purpose of Rule 42(b) to limit the authority of the judge or to make the institution of a contempt proceeding contingent upon the consent of any attorney, but rather to aid the judge by providing for the prosecution of the charge by an attorney rather than by the court. In the instant case all the safeguards for the protection of the defendant, including notice and opportunity to be heard, were complied with, and the United States Attorney appeared and participated in the trial of the case. Minor variations from the precise procedure outlined in Rule 42 were considered and found immaterial in United States v. United Mine Workers, 330 U.S. 258, 297–298, 67 S.Ct. 677, 91 L.Ed. 884; International Union, United Mine Workers v. United States, 85 U.S.App.D.C. 149, 177 F.2d 29, 36; Fletcher v. United States, 4 Cir., 174 F.2d 373, 376.

■ The defendant also makes the contention that the injunctive order of January 17, 1933, whose violation is the basis of the present proceeding for contempt, was void and of no effect. The order was entered in a series of suits instituted by the United States against Gilliam and Ellis, Receivers of the Quantico Co., Inc., Bruce McIntosh, Trustee of Hugh B. Hutchinson, and others, in order to quiet title and to restrain the defendants therein from prosecuting certain ejectment suits in the Circuit Court of Prince William County of Virginia against officers of the United States in charge of the Quantico Marine Corps Post. The cases were tried and decided by Judge W. Calvin Chesnut of the District of Maryland, under a special designation. See United States v. McIntosh, D.C.E.D.Va., 57 F.2d 573; Id., D.C., 2 F.

---

I. See also 18 U.S.C.A. §§ 402, 3285, 3691.

Supp. 244. The contention is now made that the final judgment and injunction order in these cases was void because it was signed by Judge Chesnut in his chambers in Baltimore and sent by him to the Clerk of the District Court of the Eastern District of Virginia to be filed. There is no substance in the point. Under the authorities and the provisions of the statute then and now in effect, the judge had full authority to take the course indicated, and the judgment signed by him in Maryland was as effective as if it had been signed in the Eastern District of Virginia. See United States v. Goldstein, 8 Cir., 271 F. 838; In re American Home Furnishers' Corp., 4 Cir., 296 F. 605; Clarke v. Chicago, B & Q. R. Co., 10 Cir., 62 F.2d 440, 28 U.S. C.A. § 296.

In considering the merits of the pending contempt charge the following facts which have come to the knowledge of this court through prior proceedings should be taken into consideration. On December 18, 1947 the defendant, acting in disregard of the injunctive order of January 17, 1933, attacked the title of the United States to the Quantico lands in an action instituted by him as an attorney together with another attorney in the Eastern District of Virginia on behalf of Ellis, Receiver of the Quantico Company, against the Commanding General in charge of the Quantico Marine Corps Post. The suit was unsuccessful and the conclusions reached by Judge Chesnut in 1933 were reaffirmed. See Ellis v. Cates, D.C.E.D.Va., 88 F.Supp. 19, affirmed 4 Cir., 178 F.2d 791. By instituting this action as an attorney the defendant not only violated the injunctive order of January 17, 1933 but also defied an order of the District Court of the Eastern District of Virginia of June 20, 1933 whereby he was formally disbarred and prohibited from practicing law in that court. This disbarment order was based on a prior disbarment of the defendant in the District of Columbia by an order of court which was affirmed in Fletcher v. Laws, 62 App.D.C. 40, 64 F.2d 163. Contempt proceedings were instituted against the defendant in the District Court of the Eastern District of Virginia for the violation of its disbarment order by filing the suit of Ellis, v. Cates, supra, and he was found guilty and subjected to a fine of $50 in a judgment which was affirmed by this court in Fletcher v. United States, 4 Cir., 174 F.2d 373.

In further disregard of the injunctive order of January 17, 1933, Ellis, Receiver of the Quantico Company, acting through another attorney, filed a motion in Ellis v. Cates, supra, on November 19, 1951 which was intended to disturb the United States in its possession of the Quantico lands; and a contempt proceeding against Ellis and his attorney ensued. Therein on February 20, 1952 the judge found that the injunctive order of January 17, 1933 had been infringed, but, finding also that Ellis and his attorney had not intended to offend, dismissed the contempt charges upon the payment of costs and the dismissal of the motion filed by them in Ellis v. Cates.

While the motion filed by the defendant Fletcher on August 4, 1953 to be allowed to intervene in the case of Ellis v. Cates was pending in the District Court as above described, he presented to this court on November 23, 1953 a petition for a writ of mandamus against Judge Bryan commanding him to grant a hearing to the petitioner on his motion for leave to intervene.[2] After a hearing by us this motion was denied on December 3, 1953 by an order in which this court specifically took notice of the prior actions in the cases of Ellis v. Cates, 4 Cir., 178 F.2d 791, and Fletcher v. United States, 4 Cir., 174 F.2d 373, above re-

2. This proceeding is case No. 6736 in this court. Therein the defendant filed copies of his intervener's complaint in Ellis v. Cates, Case No. 344 in the District Court of the Eastern District of Virginia, and also copies of Judge Bryan's order of February 20, 1952 above referred to, finding that the injunctive order of January 17, 1933 had been infringed by Ellis, Receiver, and his attorney.

ferred to. Subsequently this court denied a motion for rehearing and a petition of the defendant for a writ of certiorari was denied by the Supreme Court on May 3, 1954, In re Fletcher, 347 U.S. 962, 74 S.Ct. 711. Meanwhile on December 3, 1953 Judge Bryan had denied Fletcher's motion to intervene in Ellis v. Cates.

The essential facts set out in the charge of contempt in the pending suit are not in dispute. The defendant admitted in his answer and at the hearing of the case that the charges were correct insofar as they concerned the filing by him of the intervener's complaint and his appearance in the chambers of the judge at the pretrial conference, stating in respect to his appearance that it was made in response to a summons from the clerk. This summons, however, was merely the customary notice sent by the clerk to litigants whose cases are to be heard at a regular pretrial conference. Upon this state of the record the only questions which remain to be considered are whether the filing of the petition for intervention and the appearance of the defendant in furtherance thereof at the pretrial conference constituted a violation of the injunctive order of January 17, 1933; and whether these actions constituted an attempt on his part to assert a claim which he could only assert and enforce as a practicing attorney, in which capacity, as we have seen, he had no right to appear in the Eastern District of Virginia.

The allegations of defendant's petitions to intervene demonstrate conclusively that by filing the petition and by appearing at the pretrial hearing, Fletcher has again violated both the injunctive order of January 17, 1933 and the disbarment order of June 20, 1933. The defendant's allegations include the following statements: Ellis, Receiver of the Quantico Company, pursuant to authority conferred by a decree of the Hustings Court of the City of Petersburg, Virginia, in a receivership proceeding of the Quantico Company, employed Fletcher by letter of October 14, 1947 to represent him in all matters pertaining to the recovery of the property of the Quantico Company, including the institution and prosecution of all suits in the federal and state courts as may be necessary. The letter required Fletcher to bear all the expenses connected with court proceedings to recover possession of the lands of the company since the receiver was without funds. Compensation for legal services was to be determined by the state court at the conclusion thereof. On December 18, 1947 Fletcher, in association with other lawyers, filed the ejectment suit of Ellis v. Cates to recover the Quantico land. At all times since this employment Fletcher has been and is now the chief attorney for the receiver in full charge and management of the action on his behalf, and has drafted all pleadings which were filed prior to February 20, 1952. Ever since April 15, 1931 until October 14, 1947 he was the chief attorney for the receiver's predecessors. He has retained and employed six attorneys in Virginia to assist him in concluding this litigation involving land having a value of fourteen million dollars. He has received no compensation for his services in the present action and no compensation for services rendered as attorney for the receivers since his employment on April 15, 1931. His letter of employment of October 14, 1947 expressly provided that his compensation would be determined by the state court at the conclusion of his services. He has advanced money to the extent of more than two thousand dollars to pay the expenses of the proceeding; in order to receive compensation for his services and money expended, he will be obliged to obtain a judgment in favor of the receiver for the possession of the lands involved in the action; and if he is unsuccessful he will have sustained a loss of the value of his services and monies expended in the amount of $200,000. His right to compensation is based on Art. 5, Ch. 4, § 54–70 of the Code of Virginia, which provides that

any attorney employed to prosecute an action sounding in tort shall have a lien upon the cause of action as security for his fees for services rendered.

Upon the allegations made by the defendant himself it is too plain for argument that he was acting as an attorney for the receiver when he filed his petition of intervention. He stated therein not only that he was still authorized to proceed as the legal representative of the receiver, but he also made it clear that his right to intervene depended upon the lien on the cause of action to which, in case of a successful outcome of the litigation, he would be entitled for services rendered and to be rendered as an attorney in the prosecution of the suit. Thereby he admitted the charge contained in the concluding paragraph of the show-cause order above described, that he had attempted to assert for himself a claim which he could assert and enforce only as an attorney permitted to practice in the court.

At the conclusion of the hearing of the charges of contempt the judge entered a judgment finding the defendant guilty of criminal attempt as charged in the order to show cause, and imposed the punishment above mentioned. It is now suggested by the defendant that the judgment was not authorized because the judge indicated during the hearing that the basis of the charge was that the defendant violated the injunctive order by acting in the capacity of an attorney, notwithstanding the fact that he was not authorized to act as such, and that unless he acted as an attorney, he was not guilty of contempt. Obviously the defendant was in no way prejudiced by this construction of the show-cause order, for it required a finding that the defendant had violated not only the injunctive order of January 17, 1933 but also the disbarment order of June 20, 1933. Since the undisputed evidence required such a finding, the judgment of the District Court was justified.

Affirmed.