Edmond C. FLETCHER, Petitioner,

v.

Honorable Albert V. BRYAN, a Judge of the United States District Court for the Eastern District of Virginia.

No. 7782.

United States Court of Appeals Fourth Circuit.

Argued April 14, 1959.

Decided April 20, 1959.

Edmond C. Fletcher, pro se.

Before HAYNSWORTH, Circuit Judge, and BOREMAN, District Judge.

PER CURIAM.

By a petition filed November 7, 1958, the petitioner sought a writ of mandamus, directed to the defendant, requiring the defendant to recognize Fletcher as a duly licensed attorney enrolled and qualified to practice in the United States District Court for the Eastern District of Virginia, to vacate certain prior orders of the District Judge with reference to Fletcher's status as a member of the Bar of that Court and to produce for review and consideration the records of the proceedings conducted before the late Judge Way in April and June 1933 in Case No. 5783 in the District Court for the Eastern District of Virginia, which resulted in an order disbarring the defendant from further practice as an attorney in that Court.

Upon motion, Fletcher was duly enrolled as an attorney qualified to practice in the District Court for the Eastern District of Virginia on January 5, 1931. He was a resident of the District of Columbia, in which a proceeding to disbar him from practice in the Supreme Court of the District of Columbia was commenced. An order of disbarment entered in that proceeding was affirmed by the Court of Appeals of the District of Columbia, sitting *en banc*, on February 6, 1933. Fletcher v. Laws, 62 App.D.C. 40, 64 F.2d 163. There followed the proceedings before Judge Way, resulting in an order of disbarment to practice as an attorney in the District Court for the Eastern District of Virginia. In the intervening years Mr. Fletcher has sought, by various proceedings, to obtain a revocation of the order of disbarment and to have all reference to it expunged from the records of the several courts before which he has brought the matter for consideration. A direct attack upon the order by petition to expunge was heard by Judge Hutcheson, but was unsuccessful. In late 1947 and in 1948 Mr. Fletcher undertook to act as an attorney of record for a litigant in the District Court for the Eastern District of Virginia and was cited for contempt. He appealed from the order adjudging him guilty of contempt, in the course of which he again attacked the validity of the original order of disbarment, but the judgment was affirmed after consideration had been given in this Court to Mr. Fletcher's contentions regarding the validity of the order of disbarment. Fletcher v. United States, 4 Cir., 174 F.2d 373. Later, Mr. Fletcher filed a motion in the District Court for an order vacating the disbarment order of June 20, 1933; a denial of that motion was affirmed by this Court, In re Fletcher, 4 Cir., 221 F.2d 477. By other collateral proceedings, Mr. Fletcher has sought to attack the disbarment order. Fletcher v. Bryan, 4 Cir., 175 F.2d 716; In re Fletcher, 4 Cir., 216 F.2d 915; Fletcher v. Norfolk Newspapers, 4 Cir., 239 F.2d 169.

The present petition was considered by the Court as submitted for consideration without a hearing, and was denied. Fletcher v. Bryan, 4 Cir., 261 F.2d 238. Thereafter Mr. Fletcher moved to vacate that opinion and the formal decree entered in accordance with the opinion upon the ground, among others, that he was entitled to a hearing, whereupon an order granting a rehearing was entered. Objection having been received to participation in the rehearing of judges who had participated in earlier proceedings, Mr. Fletcher agreed and consented that the hearing in the instant proceeding should be conducted by a Court composed of two judges only, and a hearing was held by the designated judges in accordance with Mr. Fletcher's wish and consent. At the hearing Mr. Fletcher was fully heard, both upon his objection to the opinion and order previously filed and entered in this proceeding as well as upon the merits of his petition for a writ of mandamus.

Upon consideration of the petition, it is the opinion of the Court that it should be dismissed.

■ The contention is made that the petition for writ of mandamus cannot be denied, but must be granted, and that the power of the Court is limited to the entry

of an appropriate order enforcing, or quashing, the writ after its issuance and the receipt of objections from the defendant. There seems no doubt, however, that Mr. Fletcher is not entitled continually to litigate and relitigate the same question which has been so many times adjudicated. When it appears upon the face of the petition, in light of all of the prior proceedings in this and other courts, that he seeks only a relitigation of previously settled matters, it should be dismissed. Nevertheless, we granted a hearing, here, have fully heard the petitioner and are still confirmed in our first conclusion.

Mr. Fletcher contends that this Court cannot take judicial notice of previous proceedings in this and other courts involving Mr. Fletcher and the selfsame issue he now tenders, his particular objection being that the disbarment order entered in 1933 has not been formally introduced in evidence in this proceeding. Doubtless, during a trial, the preferred procedure would be to formally introduce the records of the other proceedings which were pertinent to the inquiry, but where the other proceedings are those in which the same party litigated, or sought to litigate, the same issue he tenders here, the Court may certainly notice the previous proceedings and thus avoid the necessity of taking evidence which could only establish what the Court already knows from an examination of its own records. See Alexander v. Hillman, 296 U.S. 222, 56 S.Ct. 204, 80 L.Ed. 192; Freshman v. Atkins, 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193; De Bearn v. Safe Deposit & Trust Co., 233 U.S. 24, 34 S.Ct. 584, 58 L.Ed. 833; Dimmick v. Tompkins, 194 U.S. 540, 24 S.Ct. 780, 48 L.Ed. 1110; National Fire Ins. Co. of Hartford v. Thompson, 281 U.S. 331, 50 S.Ct. 288, 74 L.Ed. 881; Fletcher v. Young, 4 Cir., 222 F.2d 222; Mann v. Peoples First Nat. Bank & Trust Co., 4 Cir., 209 F.2d 570; Ellis v. Cates, 4 Cir., 178 F.2d 791; Fletcher v. Bryan, 4 Cir., 175 F.2d 716.

Petition dismissed.