99 F.3d 400
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Melvin P. DEUTSCH, Petitioner-Appellant
v.
UNITED STATES of America, Respondent-Appellee
 Nos. 95-1187(L), 95-2050(CON), 95-2195(CON).
 United States Court of Appeals, Second Circuit.
 Dec. 8, 1995.
 
 APPEARING FOR APPELLANT: MELVIN DEUTSCH, pro se.
 APPEARING FOR APPELLEE: ZACHARY W. CARTER, United States Attorney, Eastern District of New York.
 E.D.N.Y.
 AFFIRMED.
 Present: ALTIMARI, JACOBS, Circuit Judges, and CONNER, District Judge.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was taken on submission.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the orders of the District Court are hereby affirmed.
 Petitioner Melvin Deutsch appeals from (a) two orders of the United States District Court for the Eastern District of New York (Korman, J.) denying his motion brought under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, and denying in part a second section 2255 motion, and (b) a third order (Mishler, J.) denying the remainder of the second section 2255 motion.
 
 
 1
 Deutsch was convicted of conspiracy in violation of 18 U.S.C. § 371 and wire fraud in violation of 18 U.S.C. § 1343. On July 8, 1988, he was sentenced by Judge Korman to three years imprisonment and five years probation; this Court affirmed in an unpublished opinion. From June 1989 through the end of 1990, Deutsch filed at least three motions and one motion under section 2255 in the district court, seeking various forms of relief. The overwhelming majority of these claims were found meritless and denied. This Court affirmed the district court's dispositions in three unpublished orders.
 
 
 2
 Deutsch served his prison term. After his release, Deutsch was convicted of credit card fraud in violation of 18 U.S.C. § 1029(a)(2) and (c)(1) and sentenced to sixty-three months imprisonment, three years supervised release, a $60,000 fine, a $50 special assessment, and $34,401.33 in restitution by Judge Mishler. This Court affirmed that conviction but remanded for resentencing. United States v. Deutsch, 987 F.2d 878 (2d Cir.1993). On remand, the prison term was modified to fifty-one months; this modification was affirmed.
 
 
 3
 In June 1994, Deutsch filed two motions seeking in part to attack collaterally his second conviction. Both motions were denied; the denials were affirmed. Also in June 1994, Deutsch filed a petition for writ of habeas corpus. The petition was dismissed; this Court affirmed.
 
 
 4
 On November 23, 1994, Deutsch filed a section 2255 petition directed to Judge Korman attacking his first conviction for a second time. Judge Korman dismissed the petition as an abuse of the writ; this petition is before the Court on this appeal. On December 30, 1994, Deutsch filed a petition for "a writ of habeas corpus under Title 28, Section 2255" raising claims pertaining to both convictions. On January 30, 1995, Judge Korman dismissed the petition insofar as it related to the conviction before him, and referred the remaining portion of the petition to Judge Mishler. Judge Mishler in turn dismissed the remainder of the petition. This petition is also before this Court on this appeal. (On February 10, 1995, Judge Korman sentenced Deutsch to fifty-six months imprisonment for violating his parole by committing the acts resulting in his second conviction.)
 
 
 5
 Thus, there are two section 2255 petitions before us: the November 1994 motion and the December 1994 motion. We affirm the several orders of the district court dismissing both petitions.
 
 
 6
 The petition filed in November 1994 was dismissed by the district court as an abuse of the writ. A district court may dismiss a successive section 2255 motion, sua sponte and without notice, for abuse of the writ, if the dismissal is based on failure to establish actual prejudice. Femia v. United States, 47 F.3d 519, 524-25 (2d Cir.1995). A dismissal for abuse of the writ is reviewed for abuse of discretion. McCowin v. Scott, 67 F.3d 100, 101 (5th Cir.1995). See Rules Governing Section 2255 Proceedings for the United States District Courts 9(b). We have reviewed the record relating to this petition and are satisfied that all of Deutsch's various claims therein are procedurally barred, or meritless, or both. His claims of ineffective assistance of counsel, of a defective conspiracy count, and for the return of property have been previously raised and rejected by this Court on direct appeal. Deutsch fails to show cause for his failure to raise at that time his claim for credit for his prison time in Canada. Deutsch's claim under Federal Rule of Criminal Procedure 43 does not allege that the sidebars occurring outside his presence were related to matters other than questions of law. We therefore affirm the dismissal of the November 1994 petition.
 
 
 7
 As for the December 1994 petition, which attacks both of Deutsch's convictions, we note that the splitting of the motion between the two district court judges was a permissible means of facilitating Deutsch's compliance with Rule Governing Section 2255 Proceedings 4, which requires that the "original motion ... be promptly presented to the judge of the district court who presided at the movant's trial and sentenced him." Moreover, there was no impropriety in Judge Mishler's issuance of his order while sitting in the Southern District of Florida. See In re Fletcher, 216 F.2d 915, 917-18 (4th Cir.1954) (a judge may cause an order to be filed in a district while sitting in another district), cert. denied, 348 U.S. 931 & 350 U.S. 864 (1955). Moreover, to the extent that Deutsch's motion challenged his sentence for violation of probation, the motion was premature, because sentencing did not take place until February 10, 1995.
 
 
 8
 All of Deutsch's other claims are either barred or frivolous. We therefore affirm the orders of the district court on the December 1994 petition.