394

United States Court of Appeals for the District of Columbia.

Argued Nov. 18, 1942.

Decided Dec. 31, 1942.

Mr. Edmond C. Fletcher, pro se, of Washington, D. C., for appellant.

Mr. Sidney J. Kaplan, Department of Justice, of Washington, D. C., for appellees.

Francis M. Shea, Assistant Attorney General, and Mr. Edward M. Curran, United States Attorney, of Washington, D. C., were on the brief, for appellees.

Mr. John L. Laskey, Assistant United States Attorney, of Washington, D. C., entered appearance for appellees.

Before EICHER, C. J., and GOLDS-BOROUGH and McGUIRE, JJ., all of the District Court of the United States for the District of Columbia, sitting by designation.

PER CURIAM.

The appellant, plaintiff below, (hereafter called the plaintiff) brought suit against the appellees, Justices of this Court, for alleged libel and a conspiracy to damage the plaintiff.

The action arose as follows: The District Court of the United States for the District of Columbia found the plaintiff guilty of contempt of court for practicing law and attempting to practice law without authority. This Court affirmed the judgment of the District Court. In re Fletcher, 71 App.D.C. 108, 107 F.2d 666, certiorari denied 309 U.S. 664, 60 S.Ct. 593, 84 L.Ed. 1011, rehearing denied 309 U.S. 698, 60 S.Ct. 713, 84 L.Ed. 1037.

The theory of the instant case is that this Court was without jurisdiction to act in the above indicated contempt appeal. This Court's jurisdiction was not attacked in the contempt appeal. This Court took jurisdiction in the contempt appeal, which jurisdiction was thus established against collateral attack such as that in the instant case.

The jurisdiction of this Court in the contempt appeal being established in so far as the instant case is concerned, the defendants (appellees here) cannot be held liable in the instant case for their judicial action in the contempt appeal.[1]

In the leading case of Bradley v. Fisher, supra, the Court says, page 351 of 13 Wall., 20 L.Ed. 646: "In considering the questions presented the court observed that it was a general principle, applicable to all judicial officers, that they were not liable to a civil action for any judicial act done by them within their jurisdiction; that with reference to judges of limited and inferior authority it had been held that they were protected only when they acted within their jurisdiction; that if this were the case with respect to them, no such limitation existed with respect to judges of superior or general authority; that they were not liable in civil actions for their judicial acts, even when such acts were in excess of their jurisdiction, 'unless, perhaps, when the acts in excess of jurisdiction are done maliciously or

---

[1] Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646; Alzua v. Johnson, 231 U.S. 106, 34 S. Ct. 27, 58 L.Ed. 142.

corruptly.' The qualifying words were inserted upon the suggestion that the previous language laid down the doctrine of judicial exemption from liability to civil actions in terms broader than was necessary for the case under consideration, and that if the language remained unqualified it would require an explanation of some apparently conflicting adjudications found in the reports. They were not intended as an expression of opinion that in the cases supposed such liability would exist, but to avoid the expression of a contrary doctrine.

"In the present case 'we have looked into the authorities and are clear' from them, as well as from the principle on which any exemption is maintained, that the qualifying words used were not necessary to a correct statement of the law, and that judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in ·excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."

The judgment of the District Court is affirmed.