## FLETCHER v. BRYAN.
### No. 5892.

United States Court of Appeals Fourth Circuit.

Argued June 28, 1949.

Decided July 21, 1949.

Edmond C. Fletcher, pro se.

George R. Humrickhouse, U. S. Atty., Richmond, Va. (Robert N. Pollard, Jr., Asst. U. S. Atty., Richmond, Va. on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal by plaintiff from a summary judgment for defendant in an action instituted by Edmond C. Fletcher against Judge Albert V. Bryan, one of the United States District Judges for the Eastern District of Virginia, to recover damages for libel and under the insulting words statute of Virginia, section 5781 of the Virginia Code. The libel and insulting words complained of were contained in an order to show cause why plaintiff should not be attached for contempt of court for violating an order disbarring him and prohibiting his practicing law in the court or holding himself out as a practitioner therein. This order to show cause was the one instituting the contempt proceeding in which the plaintiff was found guilty and fined in an order entered by Judge Paul which was affirmed by this court. See Fletcher v. United States, 4 Cir., 174 F.2d 373.

The defendant made a motion in the court below to dismiss the case because the complaint failed to state a cause of action and, in the alternative, for summary judgment. He attached to the motion certified copies of the order of Judge Way disbarring plaintiff and the order of Judge Hutcheson denying a petition to expunge the order of disbarment. Plaintiff thereupon made a motion to "strike out" the two certified copies of orders attached to defendant's motion. The court denied plaintiff's motion to strike, stated that it would take judicial notice of the orders and granted defendant's motion for summary judgment. Plaintiff appeals, complaining because his motion to strike was denied, because judicial notice of the order was taken and because summary judgment was entered on the motion, which asked for dismissal with request for summary judgment in the alternative.

The entry of summary judgment for defendant was clearly proper. Upon the filing of the certified copies of the orders, it appeared that there was no issue of fact in the case and no ground upon which plaintiff could possibly recover; and, in such situation, entry of summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., was the proper procedure. Appellant complains that subsection (c) of Rule 56 permits the use of affidavits, and not certified transcript of court documents; but, of course, a certified transcript of a court record is better evidence of its contents than an affidavit with regard thereto, and, in any event, there can be no question as to the correctness of the court's action in taking judicial notice of the disbarment orders which had been entered by the court. As we said in Morse v. Lewis, 4 Cir., 54 F.2d 1027, 1029: "The general rule undoubtedly is that a court will not travel outside the record of the case before it in order to take notice of the proceedings in another case, even between the same parties and in the same court, unless the proceedings are put in evidence; and the rule is sometimes enforced with considerable strictness. * * * But in exceptional cases, as high authority shows, the dictates of logic will yield to the demands of justice, and the courts, in order to reach a just result, will make use of established and uncontroverted facts not formally of record in the pending litigation." Certainly the court should not hesitate to look to its own records to see what they disclose when a judge of the court is sued for damages for action which he has taken based on those records.

From the records of the court, therefore, it clearly appears that the Judge in issuing the order to show cause of which plaintiff complains was acting within the proper scope of his official duty; but, aside from this, it appears from the complaint itself that the action complained of was

judicial action which could not possibly furnish the basis of a claim for damages. Bradley v. Fisher, 13 Wall. 335, 351, 20 L. Ed. 646; Randall v. Brigham, 7 Wall. 523, 537, 19 L.Ed. 285; Connor v. Real Title Corp., 4 Cir., 165 F.2d 291, 294; Fletcher v. Wheat, 69 App.D.C. 259, 100 F.2d 432; Fletcher v. Stephens, 77 U.S.App.D.C. 98, 133 F.2d 394. The case last cited is directly in point and involves a suit by the plaintiff here against Justices of the United States Court of Appeals for the District of Columbia, asking damages for alleged libel in connection with judicial action there taken. In affirming judgment for defendants, the Court of Appeals laid down the rule here applicable, quoting from Bradley v. Fisher, supra, as follows:

"In the leading case of Bradley v. Fisher, supra, the Court says, page 351 of 13 Wall., 20 L.Ed. 646: 'In considering the questions presented the court observed that it was a general principle, applicable to all judicial officers, that they were not liable to a civil action for any judicial act done by them within their jurisdiction; that with reference to judges of limited and inferior authority it had been held that they were protected only when they acted within their jurisdiction; that if this were the case with respect to them, no such limitation existed with respect to judges of superior or general authority; that they were not liable in civil actions for their judicial acts, even when such acts were in excess of their jurisdiction, "unless, perhaps, when the acts in excess of jurisdiction are done maliciously or corruptly." The qualifying words were inserted upon the suggestion that the previous language laid down the doctrine of judicial exemption from liability to civil actions in terms broader than was necessary for the case under consideration, and that if the language remained unqualified it would require an explanation of some apparently conflicting adjudications found in the reports. They were not intended as an expression of opinion that in the cases supposed such liability would exist, but to avoid the expression of a contrary doctrine.

" 'In the present case "we have looked into the authorities and are clear" from them, as well as from the principle on which any exemption is maintained, that the qualifying words used were not necessary to a correct statement of the law, and that judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.' "

It thus appears from the face of the complaint itself, as well as from the matters of which the court properly took judicial notice, that plaintiff's action is utterly groundless, and that summary judgment was properly entered for the defendant.

Affirmed.