Morris **GREENBERG**, Plaintiff,

v.

**CUTLER–HAMMER, INC.**, et al.,
Defendants.

No. 74–C–620.

United States District Court,
E. D. Wisconsin.

Oct. 2, 1975.

Shellow & Shellow by James M. Shellow, Milwaukee, Wis., and Hauser, Glover & Webb, Madison, Wis., for plaintiff.

Burke & Schoetz by David J. Schoetz, Milwaukee, Wis., for Cutler-Hammer.

Prosser, Wiedabach, Lane & Quale by Jack R. Wiedabach, Milwaukee, Wis., for Riteris & Schnur.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Each of the defendants has filed a motion to dismiss or for summary judgment with respect to the various counts of the plaintiff's complaint. In connection with these motions, the plaintiff has moved to strike the affidavit of Warren G. Cudlip and to delay consideration on the motions for summary judgment until the completion of discovery, pursuant to Rule 56(f), Federal Rules of Civil Procedure. In addition, the defendant Cutler-Hammer has moved to suppress the plaintiff's first set of interrogatories and document requests.

The plaintiff seeks damages from the defendants because of their alleged involvement in the procurement of a federal indictment charging the plaintiff with five counts of mail fraud in violation of 18 U.S.C. § 1341. The indictment was that rendered in connection with case number 71–Cr–37, before Judge John W. Reynolds of this district.

The complaint posits three theories of recovery against the defendants for their alleged activities. The claims for relief are based upon (1) malicious prosecution; (2) abuse of process; and (3)

conspiracy. These claims arise under the substantive law of Wisconsin, and jurisdiction is allegedly predicated upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

## I. MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

■ The defendants have moved pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. I am satisfied that the plaintiff's averments adequately state claims for malicious prosecution, abuse of process, and conspiracy. See *Maniaci v. Marquette University*, 50 Wis.2d 287, 184 N.W.2d 168 (1971) (elements of claim for malicious prosecution and abuse of process); *Cranston v. Bluhm*, 33 Wis.2d 192, 147 N.W.2d 337 (1967) (elements of conspiracy). Therefore, the defendants' motions to dismiss will be denied.

Each of the defendants has also moved for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, as to all of the claims contained in the complaint. I conclude that only as to the defendant Robert A. Schnur should summary judgment be granted.

The defendants urge that the claim for malicious prosecution cannot be maintained against them because the evidence conclusively shows that the criminal proceeding in case number 71–Cr–37 did not terminate favorably to the plaintiff and because the defendants had probable cause to believe that the plaintiff had committed the mail fraud alleged in case number 71–Cr–37. Furthermore, the defendant Cutler-Hammer argues that it has been established beyond contention that it was acting properly on advice of counsel.

The first two grounds above pertain to certain requisite elements which the plaintiff must prove to sustain an action for malicious prosecution. In addition, Cutler-Hammer seeks to rely upon an affirmative defense of advice of counsel.

*Maniaci v. Marquette University*, 50 Wis.2d 287, 297–98, 184 N.W.2d 168 (1971); *Lechner v. Ebenreiter*, 235 Wis. 244, 255, 292 N.W. 913 (1940).

■ In my opinion, there is a factual dispute appropriate for trial as to whether the criminal proceedings in 71–Cr–37 terminated favorably to the present plaintiff. It appears that the indictment against Mr. Greenberg was dismissed as a part of a compromise with the prosecution. I believe that the plaintiff's affidavits concerning the financial pressures to enter into the compromise raise a triable issue as to whether the settlement lacked the voluntariness which would foreclose a malicious prosecution action. *Schwartz v. Schwartz*, 206 Wis. 420, 427–31, 240 N.W. 177 (1932). I am also persuaded that there are contested material facts with respect to whether the defendants had probable cause to initiate the prosecution against the plaintiff.

For purposes of this motion, it appears that the plaintiff is not seriously contesting the probable cause issue, with one important exception: The plaintiff contends vigorously that the defendants lacked probable cause to believe that the plaintiff's practice of altering Cutler-Hammer relays constituted a material and therefore fraudulent misrepresentation by the plaintiff.

■ The plaintiff's submissions tend to show that there may be no material difference between the H6 and H152 relays and the H1 and H155 relays so that relabeling H6 and H1 relays would not amount to a fraudulent misrepresentation. Such proof could support the plaintiff's position that the defendants either knew there was no real difference among the relays and withheld such facts from prosecuting authorities or that the defendants had no information which would support their statements to authorities that the relays were materially different. If either theory can be proved, the plaintiff might be able to establish that the defendants acted without probable cause. See, e. g., *Schwartz*

*v. Schwartz,* 206 Wis. 420, 425, 240 N.W. 177 (1932).

■ The plaintiff's submissions with respect to the asserted lack of differences among the relays in question also render summary judgment on Cutler-Hammer's claim of advice of counsel inappropriate. Even considering the affidavit of Warren G. Cudlip, which the plaintiff seeks to strike, I do not believe that Cutler-Hammer has uncontrovertibly demonstrated that it made a full, fair and complete disclosure of facts to its attorney.

The defendants, however, have argued that the plaintiff is effectively foreclosed from contesting the issue of probable cause on two theories. Both theories rely upon the sworn answers to interrogatories in a civil lawsuit brought in the southern district of New York between Cutler-Hammer and Universal Relay. Such answers acknowledge that the plaintiff, Morris Greenberg, was responsible for various alterations made to Cutler-Hammer relays. The first theory attempts to add these admissions to the finding of guilt against Universal Relay for the nearly identical mail fraud charges which were leveled against Mr. Greenberg in case number 71–Cr–37. The second theory seeks to combine the above described Greenberg admissions with the findings of fact and conclusions of law contained in *Cutler-Hammer, Inc. v. Standard Relay,* 328 F.Supp. 868 (S. D.N.Y.1970), and *Cutler-Hammer, Inc. v. Universal Relay Corp.,* 285 F.Supp. 636 (S.D.N.Y.1968).

■ The first theory lacks merit. The finding of guilt upon which the defendants rely is based upon a judgment of conviction against Universal Relay Corp. in 73–Cr–175 upon a plea of nolo contendere. Rule 803(22), Federal Rules of Evidence, makes clear that evidence of a final judgment based upon a plea of nolo contendere cannot be used "to prove any fact essential to sustain the judgment . . . ." See also 4 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 803(22)[01], at 803–233 (1975). Accordingly, the plaintiff cannot be precluded under this theory from asserting that the defendants lacked probable cause to believe the alterations in the relays were fraudulent.

The second theory is apparently based upon the notion that the factual findings contained in the reported decisions from the New York litigation are uncontrovertible facts which, considered with the Greenberg admissions in connection with that litigation, establish the defendants' probable cause. Such a view of the weight and import of the factual findings in the New York litigation can be supported only by granting that case collateral estoppel effect in this action.

■ A court can take judicial notice of its own files and records in other cases. 9 C. Wright & A. Miller, Federal Practice and Procedure § 2410, at 359–60 (1971); see *United States v. Webber,* 396 F.2d 381 (3d Cir. 1968). Furthermore, I believe I can take judicial notice of the fact that the district court in New York did indeed make the findings and conclusions stated in the reported opinions. *Wagner v. Fawcett Publications,* 307 F.2d 409 (7th Cir. 1962). However, I need not accept the facts in the New York cases as established and unchallengeable in this case until the record of the New York litigation is submitted for analysis, and I have determined that the issues for which estoppel is sought were actually litigated, were necessary to sustain the judgment, were identical to the issues before this court, and that Morris Greenberg was in privity with Universal Relay in the New York action. See, e. g., J. Moore, & T. Currier, Moore's Federal Practice ¶¶ 0.-408[1], 0.441[2] (2d ed. 1974). Accordingly, this theory cannot sustain the defendants' argument that the probable cause issue is indisputable.

The defendants are not entitled to summary judgment on the abuse of process and the conspiracy claims either. As to both claims, the defendants have

 

failed to meet their burden under Rule 56, Federal Rules of Civil Procedure, to show that there are no factual issues appropriate for trial.

 Nevertheless, I believe that Robert A. Schnur's motion for summary judgment should be granted. The affidavit of the defendant Riteris states in effect that Mr. Schnur took no part in the activities leading to the prosecution of the plaintiff. Such affidavit has not been challenged either by counter-affidavit or argument by the plaintiff. Thus, I hold that there is no factual dispute regarding Mr. Schnur's noninvolvement in the acts alleged in the complaint.

## II. MOTION TO SUPPRESS INTERROGATORIES

The defendant Cutler-Hammer's motion to suppress interrogatories must be denied. The motion asserts that the information sought by interrogatories and document requests filed on March 19, 1975, does not "appear reasonably calculated to lead to discovery of admissible evidence." In view of the foregoing discussion of the pertinent issues of this case, I must conclude that Cutler-Hammer's position in that regard lacks validity.

## III. MOTION TO STRIKE THE AFFIDAVIT OF WARREN G. CUDLIP AND TO DELAY DECISION ON SUMMARY JUDGMENT

The plaintiff's motion to strike the Cudlip affidavit and to delay a decision on summary judgment need not be decided because of the disposition of the defendants' motions for summary judgment. Accordingly, such motions will be denied, without prejudice, as moot.

## IV. CONCLUSION

Therefore, it is ordered that the motions to dismiss and for summary judgment of the defendants, Cutler-Hammer and Andrew O. Riteris, be and hereby are denied.

It is also ordered that the defendant Robert A. Schnur's motion for summary

judgment be and hereby is granted; this action as to Robert A. Schnur hereby is dismissed.

It is further ordered that Cutler-Hammer's motion to suppress interrogatories be and hereby is denied.

It is further ordered that the plaintiff's motions to strike the affidavit of Warren G. Cudlip and to delay decision on the motions for summary judgment be and hereby are denied, without prejudice, as moot.