505 A.2d 552

**Roy James IRBY**

v.

**STATE of Maryland.**

**No. 656, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

March 6, 1986.

Gary S. Offutt, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, Arthur A. Marshall, Jr., State's Atty. for Prince George's County and Robert H. Harvey, Asst. State's Atty. for Prince George's County, on brief, Upper Marlboro, for appellee.

Submitted before WILNER, BISHOP and ROSALYN B. BELL, JJ.

BISHOP, Judge.

Roy James Irby was convicted in the Circuit Court for Prince George's County of assault with intent to rob and robbery with a deadly weapon. He was sentenced under the mandatory sentencing provisions of Md.Ann.Code art. 27, § 643B(c) (1982, 1985 Cum.Supp.) to two concurrent terms of twenty-five years incarceration without the possibility of parole. Appellant raises issues related only to the sentencing:

I. Was the factual predicate necessary to sentence appellant under Md.Code Ann. art. 27, § 643B(c) supported by admissible and sufficient evidence?

II. Did the trial court err in sentencing appellant to two concurrent terms of incarceration without the possibility of parole pursuant to Md.Code Ann. art, 27, § 643B(c)?

I.

*Evidence of Factual Predicate For Imposition of § 643B(c) Sentence*

Md.Ann.Code art. 27, § 643B(c) provides:

*Third conviction of crime of violence.*—Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11. A separate occasion shall be considered one in which the second or succeeding offense

is committed after there has been a charging document filed for the preceding occasion.

To prove the factual predicate required by § 643B(c), the prosecutor presented to the court the records of the Prince George's County Circuit Court of three previous cases: Criminal Trials numbers 17,821, 18,027 and 18,028. Appellant objected to the admission of these records based on a lack of authentication. After confirming that they were the "Prince George's County Circuit Court records" and after personally reviewing them, the court overruled the objection and took judicial notice of the contents of the records. The State did not otherwise attempt to authenticate the records.

This Court's recent decision in *Teeter v. State*, 65 Md. App. 105, 499 A.2d 503 (1985) sets forth the standards for the admission of evidence and the sufficiency of the evidence at a § 643B sentencing hearing. In *Teeter* we stated:

We hold that proceedings to increase punishment for a charged offense because of prior convictions are part of the sentencing procedure. The rules of evidence applicable in a trial on the issue of innocence or guilt are not controlling. As a general rule hearsay is admissible at such a proceeding. As *Sullivan v. State* [29 Md.App. 622, 349 A.2d 663 (1976)] states, in a mandatory sentencing, however, the State carries the additional burden of proving the allegations of prior offenses and incarceration beyond a reasonable doubt. This means that to meet the burden, the State must prove those factual predicates under § 643B with competent evidence. Once the court is satisfied that the State has proved the prior convictions and term of incarceration with admissible evidence, almost any other type of evidence, including otherwise inadmissible hearsay, may be offered and accepted into evidence. We conclude that such a procedure affords the defendant the right of confrontation and cross-examination required under the Due Process Clause and under

*Sprecht v. Patterson,* 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967).

65 Md.App. 113–14, 499 A.2d 503.

■ In other words, although a proceeding under the enhanced sentencing statute is part of a sentencing procedure, to the extent that the State must prove the statutory predicate of prior offenses and incarceration, the normal rules of evidence both as to admissibility and standard of proof apply. Thereafter, for purposes of the regular sentencing procedure, the liberal standard of admissibility applies. We therefore must apply the normal evidentiary standard to the files proffered in the case *sub judice* to prove the prior offense portion of the statutory predicate.

Appellant asserts that the files were never admitted into evidence, and that in the alternative, if they were, they were not admitted properly. We hold that they were admitted into evidence; the court examined the documents, identified them as the records of the Circuit Court for Prince George's County, read parts of them into the trial record and adopted the prosecutor's statements of the substance of other parts contained in the court records. Appellant also argues that the documents were not properly admitted because they were not authenticated. We interpret the court's taking judicial notice of the documents as the authentication process.

■ The doctrine of judicial notice substitutes for formal proof of a fact "when formal proof is clearly unnecessary to enhance the fact finding process." *Smith v. Hearst Corp.,* 48 Md.App. 135, 136–37, 426 A.2d 1, *cert. denied,* 290 Md. 721 (1981). Included among the categories of things of which judicial notice may be taken are "facts relating to the ... records of the court." *Id.* at 136 n. 1, 426 A.2d 1. In *Fletcher v. Flournoy,* 198 Md. 53, 81 A.2d 232 (1951) the Court commented on the use of judicial notice to establish facts based on the records of prior cases:

'[T]he general rule undoubtedly is that a court will not travel outside the record of the case before it in order to

take judicial notice of the proceedings in another case. . . . But in exceptional cases, as high authority shows, the dictates of logic will yield to the demands of justice, and the courts in order to reach a just result, will make use of established and uncontroverted facts not formally of record in the pending litigation.'

198 Md. at 60–61, 81 A.2d 232 (*quoting Fletcher v. Bryan,* 175 F.2d 716, 717 (4th Cir.1949)).

In the context of judicial notice by a court of its own records in other cases, we adopt, as a proper extension of the existing Maryland law, the following statement from *People v. Davis,* 65 Ill.2d 157, 2 Ill.Dec. 572, 357 N.E.2d 792 (1980):

Traditionally, courts have been cautious in expanding the scope of judicial notice. In *McCormick* on Evidence, section 330, at 766 (2d ed. 1972), it is said to be 'settled, of course, that the courts, trial and appellate, take notice of their own respective records in the present litigation, both as to the matters occurring in the immediate trial, and in previous trials or hearings. *The principle seemingly is equally applicable to matters of record in the proceedings in other cases in the same court, and some decisions have recognized this, but many courts still adhere to the needless requirement of formal proof, rather than informal presentation, of recorded proceedings in other suits in the same court.'* (Emphasis added.) Taking judicial notice of matters of record in other cases in the same court is simply an application of the increasingly recognized principle that matters susceptible of judicial notice include facts 'capable of immediate and accurate demonstration by resort to easily accessible sources of indisputable accuracy.' McCormick, at 763 (2d ed. 1972).

2 Ill.Dec. at 574, 357 N.E.2d at 794 (other citations omitted). *See also, e.g., Saxton v. McDonnell Douglas-Aircraft Co.,* 428 F.Supp. 1047, 1049 n. 5 (C.D.Ca.1977) (court may take judicial notice of its own files and records in other cases); *Greenberg v. Cutler-Hammer, Inc.,* 403 F.Supp. 1231, 1234 (E.D.Wisc.1975) (same); *Filrep, S.A. v. Barry,* 88 Ill.App.3d

935, 44 Ill.Dec. 45, 49, 410 N.E.2d 1137, 1141 (1980) (trial judge properly took judicial notice of prior perjury conviction of party through examination of record from earlier case); *Jones on Evidence,* § 2.29 (1972, 1985 Supp.) (recognizing trend liberalizing judicial notice). *C.f. McAlear v. McAlear,* 298 Md. 320, 350 n. 3, 469 A.2d 1256 (1984) (appellate court may take judicial notice of its own records); *Landover Assoc. v. Fabricated Steel,* 35 Md.App. 673, 681–82, 371 A.2d 1140, *cert. denied,* 281 Md. 740 (1977) (indicating that a court may take judicial notice of the records of prior, separate cases). *But see, e.g., M/V American Queen v. San Diego Marine Construction,* 708 F.2d 1483, 1491 (9th Cir.1983) (court cannot take judicial notice of records in another case without formal introduction of evidence, but can properly notice a doctrine or rule of law from prior case); *In Re Estate of Brockerman,* 332 Pa.Super. 88, 480 A.2d 1199, 1202 (1984) (court may not take judicial notice of prior case, even if in same court).

■ We hold that when a trial judge takes judicial notice of an original court record from the circuit court wherein he or she presides, authenticity of the record is established. This relieves the party seeking to admit the record of proving its authenticity, provided that there is no objection indicating a substantive defect in the original record. *See Garland v. Garland,* 22 Md.App. 80, 82–85, 321 A.2d 808, *cert. denied,* 272 Md. 741 (1974). This holding follows the trend of court decisions cited above liberalizing the use of judicial notice in establishing matters easily certifiable. Further, because it is limited to records from the same court, this rule is not inconsistent with cases which have held that a court may not take judicial notice of testimony or factual statements in unrelated trials in other jurisdictions to establish the statutory predicate in an enhanced punishment proceeding. *See Temoney v. State,* 290 Md. 251, 259–60, 429 A.2d 1018 (1981).

Appellant further contends that the information contained in the files failed to prove the prior offense portion of the

statutory predicate. The record reflects that the files provided the following evidence:

1) In criminal trial number 17,821, appellant pled guilty to robbery with a deadly weapon, the crime occurring either February 9, 1977 or January 24, 1977 and the charging document[1] being filed on February 10, 1977.

2) In criminal trial number 18,027, appellant pled guilty to robbery with a deadly weapon, the crime occurring on February 13, 1977.

3) In criminal trial number 18,028, appellant pled guilty to two counts of robbery with a deadly weapon, the crimes occurring on February 21, 1977 and April 11, 1977.

Appellant pled guilty to all of the above crimes on September 18, 1977 and was sentenced to four consecutive twenty year terms of incarceration for these crimes on September 29, 1977.

■ This evidence was sufficient to prove beyond a reasonable doubt the statutory predicate required by § 643B(c): first, proof of two convictions of a crime of violence on separate occasions (the second offense being committed after a charging document is filed in the first) arising from separate incidents, and second, proof that the offender has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence. The files reflected that appellant committed a crime of violence on either February 9, 1977 or January 24, 1977, the charging document being filed February 10, 1977. After the charging document was filed, appellant was convicted three more times of crimes of violence arising from separate incidents. It is of no moment that appellant pled guilty to all four of these offenses the same day. As the last sentence of § 643B(c) reflects, "separate occasions" as

---

1. Appellant claims that only District Court arrest warrants and no charging documents were present in the files. The record, however, clearly reflects the court took notice of a charging document filed in No. 17,821. Further, we consider a District Court charging document as defined in Rule 4–201(b) to be a charging document under § 643B(c).

used in the statute does not mean separate dates of conviction, but rather that the qualifying offenses occur after a charging document has been filed in the preceding incident. The prosecutor also presented records from the Division of Correction, admitted without objection and not in dispute here, which supplied the actual confinement requirement of § 643B(c).

## II.

### *Concurrent Sentences Under § 643B(c) and Merger*

The State asserts that the trial court's imposition of concurrent sentences without the possibility of parole under § 643B(c) is not properly preserved. *Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949 (1985), however, makes clear that the imposition of an illegal sentence is subject to review on appeal despite the lack of an objection. The State concedes that under this Court's holding in *Calhoun v. State*, 46 Md.App. 478, 488, 418 A.2d 1241 (1980), *aff'd*, 290 Md. 1, 425 A.2d 1361 (1981), appellant was sentenced improperly to two concurrent mandatory sentences. We will therefore remand for the limited purpose of the trial court imposing a sentence legally permitted by § 643B(c) and this Court's holding in *Calhoun*.

Appellant also argues that the trial court should have merged the assault with intent to rob and attempted robbery with a deadly weapon convictions. This issue is reviewable despite the lack of an objection below. *See Campbell v. State*, 65 Md.App. 498, 510–11, 501 A.2d 111 (1985).

A brief factual summary is necessary to consider the merger issue. The appellant entered a store, indicated he had a gun, and ordered the store employee to the back of the store. The employee did not comply, a struggle ensued with appellant brandishing a putty knife, and the employee fled. Appellant was then observed unsuccessfully attempting to open the cash register, and as he fled, apparently grabbed some items which he attempted later to discard.

Appellant was convicted of assault with intent to rob, based upon his completed assault on the store employee in the course of the attempted robbery and of attempted robbery with a deadly weapon based upon the incomplete taking of property of the store in the presence of the employee under force of threat from a deadly weapon. These offenses are distinct under the required evidence test. *See Gerald v. State*, 299 Md. 138, 140, 472 A.2d 977 (1984); *Simms v. State*, 288 Md. 712, 726, 421 A.2d 957 (1980); *Brooks v. State*, 284 Md. 416, 419, 397 A.2d 596 (1979); *Campbell v. State*, 65 Md.App. 498, 511–12, 501 A.2d 111 (1985).

CONVICTIONS AFFIRMED; SENTENCES VACATED; CASE REMANDED FOR PROCEEDINGS IN ACCORDANCE WITH THIS OPINION;

COSTS TO BE PAID TWO–THIRDS BY APPELLANT AND ONE–THIRD BY PRINCE GEORGE'S COUNTY.