846 F.2d 71
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roy James IRBY, Petitioner-Appellant,
v.
Merry COPLIN, Warden, Department of Correction "Diagostic",
Respondent- Appellee.
 No. 87-7150.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 25, 1988.
Decided April 22, 1988.
 
 Roy James Irby, appellant pro se.
 J. Joseph Curran, Jr., Attorney General, Jillyn Kaberle Schulze, for appellee.
 Before WIDENER, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Roy James Irby, a Maryland inmate, seeks a certificate of probable cause to appeal the judgment of the district court dismissing his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. Sec. 2254. Irby was convicted in 1985 of assault with intent to rob and robbery with a deadly weapon. He was sentenced to a term of imprisonment of twenty-five years without the possibility of parole,[1] pursuant to the mandatory sentencing provisions of Md.Ann.Code art. 27, Sec. 643B(c).[2]
 
 
 2
 In his direct appeal to the Court of Special Appeals Irby alleged that the trial court erred when it found that he qualified as a subsequent offender under Article 27, Sec. 643B(c). In support of this claim Irby challenged the sufficiency of the documentary evidence presented by the state and considered by the court to support a finding that he was a subsequent offender under the statute. Irby presented three arguments, all having their basis in state law, which he contended resulted in insufficient evidence. First, the trial court could not take judicial notice of its own records. Second, under state law, an arrest warrant is neither a charging document nor evidence of a charging document. Third, the records of the prior offenses before the trial court were insufficient to prove when the prior offenses occurred. Irby also challenged the propriety of the state court's imposition of concurrent sentences under Sec. 643B(c).
 
 
 3
 In his federal petition Irby contends (1) that his due process rights under the fourteenth amendment have been violated in that he has been improperly sentenced as a third offender under Sec. 643B(c) because he was not arrested and indicted until after all of the previous offenses had been committed; (2) the Maryland Legislature did not intend for Sec. 643B(c) to be applied in a case such as his where the series of crimes were all committed before he was arrested for the initial crime of violence; and (3) his sentence is in violation of the prohibition against cruel and unusual punishment under the eighth amendment.
 
 
 4
 In response to the district court's order to show cause and in answer to the petition, respondent asserts that Irby's first claim has been exhausted. Regarding Irby's second claim respondent asserts that "although the specific lack of legislative intent was not argued in the same manner either at trial or in the Maryland Court of Special Appeals, the underlying factual assertion, that petitioner's second crime of violence was not committed prior to the filing of charges for the first crime of violence, was presented." Respondent concludes, therefore, that the second claim is subsumed within the first question and it "does not assert non-exhaustion of this issue as a ground for dismissal of the present petition." The response does not address the eighth amendment claim.
 
 
 5
 The district court, without discussing the exhaustion question, dismissed the petition with prejudice. Although we conclude that Irby has not exhausted his state remedies as to all of his claims as required by Rose v. Lundy, 455 U.S. 509 (1982), we do not remand this case for a dismissal without prejudice because the claims do not entitle Irby to federal habeas corpus relief.
 
 
 6
 In Irby's direct appeal he neither presented nor did the court discuss any eighth amendment challenge to the sentence imposed. Additionally, Irby did not present any challenge based on fourteenth amendment due process considerations. In this regard we observe that the Court of Special Appeals noted that it had found in a previous case that its standard for admission of evidence at a Sec. 643B sentencing hearing "affords the defendant the right of confrontation and cross-examination required under the Due Process Clause." Irby v. State, 66 Md.App. 580, 584, 505 A.2d 552, 554 (1986) (quoting Teeter v. State, 65 Md.App. 105, 499 A.2d 503 (1985), cert. denied, 305 Md. 245, 503 A.2d 253 (1986), cert. denied, 308 Md. 270, 518 A.2d 732 (1987). The Maryland Court of Special Appeals in its decision in Teeter, supra, also rejected a challenge to the constitutionality of Article 27, Sec. 643B(c) on eighth and fourteenth amendment grounds. Additionally, the Maryland Court of Appeals, the highest court in Maryland, has held that Sec. 643B is constitutional. Hawkins v. State, 302 Md. 143, 486 A.2d 179 (1985).
 
 
 7
 To the extent, however, that the petition asserts a challenge to the constitutionality of the statute as applied to Irby based on the eighth and fourteenth amendments, the claim has not been fairly presented to the state courts. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Anderson v. Harless, 459 U.S. 4 (1982).
 
 
 8
 Moreover, Irby did not present, nor did the Court of Special Appeals explicitly discuss, the issue of whether the Maryland Legislature intended Sec. 643B(c) to be applied to defendants such as Irby. Implicit, however, in the Court of Special Appeals upholding of Irby's sentence is a finding that based upon the arguments presented in the challenge to the sentence before it the statute was properly applied.
 
 
 9
 Although we find that Irby has not fully exhausted all of the claims in his petition, the state has not raised this defense; therefore, we are not precluded from reviewing the claims on their merits. In Granberry v. Greer, 55 U.S.L.W. 4494 (U.S. Apr. 21, 1987) (No. 85-6790), the Supreme Court held that where the State fails to raise an arguably meritorious nonexhaustion defense in the district court, the Court of Appeals should exercise its discretion in each case to determine whether the interests of comity and federalism, and the interests of justice, will be better served by addressing the merits of the case or requiring additional state and district court proceedings before reviewing the claim. In guiding our exercise of discretion the Court noted that if it is clear that the petition
 
 
 10
 does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition, and the court of appeals affirms the judgment of the district court forthwith.
 
 
 11
 Granberry, 55 U.S.L.W. at 4496.
 
 
 12
 We believe that Irby's petition presents a case such as was contemplated by the Supreme Court in Granberry. None of Irby's grounds for relief raise a colorable federal claim. Regarding his first claim Irby contends that the fourteenth amendment is implicated because (1) he was not indicated and convicted until after he had committed all four of the previous offenses, and (2) he was denied equal protection because he never received the benefit of the precedent established in Lett v. State, 51 Md.App. 668, 445 A.2d 1050 (1982). In support of the first aspect of this claim Irby isolates that portion of the Court of Special Appeals opinion stating "[i]t is of no moment that appellant pled guilty to all four of these offenses the same day." Irby, 66 Md.App. at 588, 505 A.2d at 556. Irby is contending that where the convictions all came on the same day they equal but one offense for habitual offender purposes. The Maryland courts, however, have interpreted Maryland's habitual offender statute in a manner which makes the timing of the charging document for the commission of the offense the significant factor, not the timing of the convictions. Although we are not bound by the Maryland Court of Special Appeals construction of this statute, we find its interpretation persuasive, in light of the 1982 amendment to Sec. 643B(c), in predicting how the Maryland Court of Appeals would construe the language. See Sanderson v. Rice, 777 F.2d 902, 905 (4th Cir.1985) (No. 85-6054) (only the highest court of a state may determine in a binding fashion the rule of state law; however, an opinion of an intermediate appellate court is persuasive where the highest court has not ruled unless the federal court is convinced that the highest court would construe the statute differently), cert. denied, 475 U.S. 1027 (1986). Moreover, Irby has not shown how this interpretation violates his federal constitutional rights.
 
 
 13
 The second aspect of this claim regarding the Lett case is meritless. When the Maryland Court of Special Appeals decided Lett the amendment to Sec. 643B(c) adding the last sentence had not taken effect.[3] The Lett Court, therefore, was construing the statute before the "separate occasion" language was added.
 
 
 14
 Irby's claim that the legislature did not intend the statute to apply to offenders such as himself alleges nothing more than a violation of state law in sentencing under the statute. Violations of state law and procedure which do not infringe a specific federal constitutional protection are not cognizable under 28 U.S.C. Sec. 2254. Chance v. Garrison, 537 F.2d 1212 (4th Cir.1976); Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir.1960). The exceptions to this rule are where the state substantive error occurred in circumstances impugning fundamental fairness, Grundler, supra, or where the state's failure to comply with the procedural requirements of the state's statute constituted a "fundamental defect which inherently result[ed] in a complete miscarriage of justice." Hailey v. Dorsey, 580 F.2d 112, 115 (4th Cir.1978) (quoting Hill v. United States, 368 U.S. 424, 428 (1962), cert. denied, 440 U.S. 937 (1979)). Neither of these exceptions is present in the case at hand. Moreover, where the state judgment is based upon an interpretation of state law "a federal court should review [the] state court's decision of [the] state law issue only where there is reason to suspect that federal rights are being obstructed." Sanderson, 777 F.2d at 904. We have no reason to suspect, on this record, that any of Irby's federal rights are being obstructed. To the extent that Irby is entitled to any relief on this claim it will have to come from the Maryland courts.
 
 
 15
 Finally, Irby's eighth amendment claim is without merit. Our review of eighth amendment challenges to state sentences is very limited. In Hutto v. Davis, 454 U.S. 370 (1982), the Supreme Court stressed that federal courts should be reluctant to review legislatively mandated prison terms where the sentence is within the statutorily permitted ranges. Davis, 454 U.S. at 374. In United States v. Rhodes, 779 F.2d 1019 (4th Cir.1985), cert. denied, 54 U.S.L.W. 3823 (U.S. June 16, 1986) (No. 85-1605), this Court held that an extensive proportionality analysis is required only in cases involving life sentences without parole. Rhodes, 779 F.2d at 1028. In Rhodes we upheld, against an eighth amendment challenge, a sentence of 75 years without parole for a 38-year-old defendant, and a 50-year sentence without parole for a 42-year-old defendant. In Rummel v. Estelle, 445 U.S. 263 (1980), the Supreme Court upheld a mandatory life sentence of a recidivist whose three nonviolent felonies involved only property theft. Applying the guidance of these cases to Irby's 25-year sentence without parole, we are unable to find that the sentence is cruel and unusual under the eighth amendment.
 
 
 16
 Because the dispositive issues recently have been decided authoritatively, we deny a certificate of probable cause to appeal, dispense with oral argument, and dismiss the appeal.
 
 
 17
 DISMISSED.
 
 
 
 [1]
 Irby was originally sentenced to two concurrent terms of twenty-five years incarceration without the possibility of parole; however, the Maryland Court of Special Appeals found that imposition of two concurrent terms under the statute was improper and remanded for resentencing. Irby v. State, 66 Md.App. 580, 505 A.2d 552 (1986), cert. denied, 308 Md. 270, 518 A.2d 732 (1987)
 
 
 [2]
 This provision of the Maryland Code provides:
 (c) Third conviction of crime of violence.--Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, Sec. 11. A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion.
 
 
 [3]
 That sentence states: "A separate occasion shall be considered one in which the second or succeeding offense is committed after there has been a charging document filed for the preceding occasion." This sentence was added to the statute by 1982 Md. Laws, ch. 479