**UNITED STATES of America, Plaintiff,**

v.

**ONE PIECE OF REAL PROPERTY LOCATED ON TRAFALGAR STREET IN the CITY OF AIKEN, S.C. with all Improvements thereon, and with all Rights and Easements Appertaining, Defendant.**

Civ. A. No. 1:88–0060–15.

United States District Court,
D. South Carolina,
Aiken Division.

Nov. 4, 1988.

John B. Grimball, Asst. U.S. Atty., Columbia, S.C., for plaintiff.

E. Bart Daniel, Charleston, S.C., for defendant.

## ORDER

HAMILTON, District Judge.

This is an *in rem* civil action brought by the United States seeking the forfeiture of real property pursuant to 21 U.S.C. § 881(a)(7). The matter is presently before the court on cross-motions for summary judgment filed by the government and by claimants Dr. H. Allan Schifferli and Ann G. Schifferli, husband and wife. The court has concluded that the government's motion for summary judgment should be granted. Rule 56, Fed.R.Civ.Proc.

The subject realty is a rectangular lot (150′ × 100′) located at 117 Trafalgar

Street, S.W., Aiken, South Carolina. The sole improvement on the lot is a building containing dental equipment and currently leased by the United States Marshall on a month to month basis to a Dr. George Crawford, one of the claimants in the present case.[1] The other claimants to the property are Dr. H. Allen Schifferli and Ann G. Schifferli.

Dr. Schifferli, owner of the subject realty, practiced dentistry on the premises prior to his conviction on various drug offenses November 26, 1986. Dr. Schifferli was convicted of conspiracy to illegally distribute and dispense certain prescription drugs in violation of 21 U.S.C. § 846, and of over two hundred counts of illegally distributing and dispensing quantities of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 845(a), all punishable by more than one year's imprisonment. *United ed States v. H. Allan Schifferli, D.M.D.,*

*et. al.,* Criminal No. 86–220 (D.S.C.). Dr. Schifferli is currently incarcerated under the custody of the United States Bureau of Prisons.

In support of its motion for summary judgment, the government contends that the subject property is forfeitable under 21 U.S.C. § 881(a)(7) because the property was regularly used to facilitate unlawful drug transactions from September 10, 1984 (Count 93) through June 21, 1985 (Count 256 and 257).[2] Therefore, the government argues that a substantial connection exists between the subject property and the underlying criminal activities as a matter of law. Claimants H. Allen and Ann Schifferli concede that Dr. Schifferli's "dental practice" (*i.e.,* his license to practice dentistry) had a substantial connection to his unlawful activities. Nonetheless, they assert that the property itself was merely incidental to the illegal transactions and was not

1. Dr. Crawford did not answer plaintiff's complaint, and thus is in default as to the government's demand for forfeiture. Nevertheless, Dr. Crawford appeared *pro se* at the hearing held on the present motions to state his opposition to forfeiture of the subject property. Apparently, Dr. Crawford and Dr. Schifferli both practiced dentistry on the premises pursuant to an oral partnership before Dr. Schifferli's conviction. Dr. Crawford continues to practice dentistry on the premises. Several other persons are employed as staff personnel and assistants by Dr. Crawford.

2. Testimony contained in the transcript from Dr. Schifferli's criminal trial relating to as many as forty criminal counts, to which Dr. Schifferli now stands convicted, establish that illegal prescriptions were obtained at the subject premises over this nine month period. See, for example:

| Count | Prescription Date | Transcript pages |
|-------|-------------------|------------------|
| 70 | 3–29–85 | 417–19 |
| 71 | 3–29–85 | " |
| 150 | 3–29–85 | " |
| 214 | 3–29–85 | " |
| 158 | 4–3–85 | 421–23 |
| 183 | 4–3–85 | " |
| 206 | 4–3–85 | " |
| 121 | 5–24–85 | 440–41 |
| 117 | 7–15–85 | 446–49 |
| 166 | 11–2–84 | 508–10 |
| 211 | 11–2–84 | " |
| 168 | 11–12–84 | 511–12 |
| 93 | 9–10–84 | 807 |
| 233 | 1–28–85 | 930–35 |

| Count | Prescription Date | Transcript pages |
|-------|-------------------|------------------|
| 235 | 2–13–85 | 930–36 |
| 236 | 2–19–85 | 930–36 |
| 238 | 3–5–85 | 930–37 |
| 240 | 3–11–85 | 930–37 |
| 242 | 3–29–85 | 930–38 |
| 244 | 4–17–85 | 930–38 |
| 246 | 4–30–85 | 930–39 |
| 248 | 5–3–85 | " |
| 249 | 5–13–85 | " |
| 251 | 5–28–85 | 930–40 |
| 252 | 6–4–85 | 930–41 |
| 254 | 6–11–85 | 930–41 |
| 255 | 6–14–85 | 930–42 |
| 257 | 6–21–85 | " |
| 231 | 11–26–84 | 962–64 |
| 232 | 12–6–84 | " |
| 234 | 2–11–85 | " |
| 237 | 2–27–85 | " |
| 239 | 3–6–85 | " |
| 241 | 3–20–85 | " |
| 243 | 4–1–85 | " |
| 245 | 4–29–85 | " |
| 247 | 5–3–85 | " |
| 250 | 5–17–85 | " |
| 253 | 6–8–85 | " |
| 256 | 6–21–85 | " |

Additionally, the following transcript pages make reference to witnesses obtaining illegal prescriptions for drugs at Dr. Schifferli's office, or contacting him at his office about illegal prescriptions, but do not refer to specific counts: 373, 501–03, 507, 519, 560, 801, 824–26, 827, and 869–71.

essential or even important to their completion. To support this contention, claimants rely on the fact that Dr. Schifferli also conducted his illegal activities at various places other than the Trafalgar Street property.

Under Rule 56(c) summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.Proc. The Supreme Court clarified this standard in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Describing the trial court's role in *Anderson,* the Court stated:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Id.* at 250, 106 S.Ct. at 2511. Accordingly, the Court reasoned that summary judgment was proper where there could be but "one reasonable conclusion as to the verdict." *Id.*[3]

■ Critical to the court's disposition of the present motions is whether a certified transcript from Dr. Schifferli's criminal trial, revealing that the subject realty was regularly used to facilitate unlawful activities from September 14, 1984 to June 21, 1985, can properly be considered under Rule 56(c). Apparently, this circuit has concluded that Rule 56 permits the use of certified transcripts of court documents on grounds that such transcripts are better evidence than an affidavit in regard to the fact at issue. *Fletcher v. Bryan,* 175 F.2d

716, 717 (4th Cir.1949). Following the *Fletcher* decision, the second circuit has also recognized the propriety of using evidence contained in certified transcripts under Rule 56, citing with approval the district court's conclusion that such transcripts are more reliable evidence than affidavits since the opportunity for cross examination is afforded at the prior proceeding. *Shulins v. New England Insurance Company,* 360 F.2d 781, 785 (2d Cir.1966). *See also Bromberg v. Moul,* 275 F.2d 574, 576 (2d Cir.1960) (use of trial record as "supporting affidavits" entirely appropriate under Rule 56). Consequently, this evidence is more reliable than affidavits and is properly considered under Rule 56.[4]

■ The statute providing for forfeiture of real property provides as follows:

> (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:
>
> .　　.　　.　　.　　.　　.
>
> (7) All real property, including any right, title, and interest in the whole of any lot or tract of land any appurtenances or improvements, which is used, or intended to be used, *in any manner or part, to commit, or to facilitate* the commission of, a violation of this title punishable by more than one year's imprisonment, except that no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

21 U.S.C. § 881(a)(7) (emphasis added). Where property is forfeited under this provision, title is deemed to vest in the United States upon commission of the act giving rise to forfeiture. § 881(h). In other words, the title of the United States relates back to the date upon which the property

---

3. These same standards are applicable to forfeiture cases, and summary judgment should lie for the government where there exists no genuine issues of material fact and the government is entitled to judgment as a matter of law. *United States v. 26.075 Acres, More or Less, Located in Swift Creek Township, Wake County, North Carolina,* 687 F.Supp. 1005 (E.D.N.C.1988).

4. Significantly, the claimants have not contested use of the former trial transcript under Rule 56. Rather, they have contended that this former testimony still falls short of establishing a substantial connection between the subject realty and the underlying drug transactions.

was used to facilitate transactions prohibited under title 21.

■ This circuit has never addressed the proper standard for forfeiture under § 881(a)(7). Nevertheless, the "substantial connection" standard was apparently adopted by this circuit in *United States v. 1966 Beechcraft Aircraft Model King Air*, 777 F.2d 947 (4th Cir.1985), a case arising under § 881(a)(4).[5] Under this standard, property is forfeitable if there is a substantial connection between the property and the underlying criminal activity. *Id.* at 953. Once the government has established probable cause for belief that the property has a substantial connection to the criminal activity defined by statute, "the burden of proof shifts to the claimant to establish, by a preponderance of the evidence, that the property was not used in violation of the law or was not intended to be used unlawfully." *Boas v. Smith*, 786 F.2d 605, 609 (4th Cir.1986).[6]

Application of the substantial connection test in *Beechcraft* led the court to conclude that two aircraft used to facilitate a single drug transaction were forfeitable to the government under § 881(a)(4). 777 F.2d at 952–53. One of the aircraft had transported two conspirators as well as ten kilograms of cocaine whereas the other had merely transported conspirators to the location of the drug transaction. *Id.*

■ The facts supporting forfeiture of the subject realty are even more compelling than in *Beechcraft*. In contrast to use of property to facilitate a drug transaction

on one occasion, the Trafalgar Street property was regularly used by Dr. Schifferli over a nine month period to issue illegal prescriptions and to meet with, conspire with, and receive money from the recipients of the illegal prescriptions. Although both the airplane in *Beechcraft* and the dental office here served other legitimate purposes, the real question is whether the property at issue had a substantial connection to the underlying criminal activity.

*United States v. 26.075 Acres, Located in Swift Creek Township*, 687 F.Supp. 1005 (E.D.N.C.1988) squarely supports an affirmative response to this question. There, the court found that several drug transactions had occurred on the approximately twenty-six acre tract of land.[7] Significantly, the court also determined that at least one transaction did not occur on the property, but in a shopping center parking lot. Concluding that no genuine issue remained as to whether the property had been used to facilitate the drug transactions, the court granted summary judgment in favor of the government for the entire tract of land. *Id.* at 1018. Similarly, the Trafalgar Street property was used on a regular basis to facilitate Dr. Schifferli's illegal activities. As in *26.075 Acres*, this conclusion is not altered by the fact that Dr. Schifferli also carried on these same unlawful activities at various other locations.

■ Notwithstanding the undisputed evidence linking the subject property to the

---

5. Under that section the United States has the authority to subject to forfeiture "all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment" of controlled substances and equipment used in manufacturing or distributing controlled substances. 21 U.S.C. § 881(a)(4). The court concludes that the "substantial connection" standard is also appropriate under § 881(a)(7). *See United States v. Certain Lots in Virginia Beach*, 657 F.Supp. 1062, 1064–65 (E.D.Va.1987) (*stare decisis* and legislative history of § 881(a)(7) support adoption of "substantial connection" standard).

It should be noted, however, that other circuits have explicitly rejected the substantial connection requirement, concluding that property

is forfeitable if used "in any manner" to facilitate an illegal drug transaction. *See United States v. 1964 Beechcraft Baron Aircraft*, 691 F.2d 725 (5th Cir.1982), *cert. denied*, 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983); *United States v. One 1974 Cadillac Eldorado Sedan*, 548 F.2d 421, 423 (2d Cir.1977).

6. The court has determined that the government met its burden at the probable cause hearing held on September 27, 1988. Accordingly, the burden of proof now rests on claimants to prove, by a preponderance of the evidence, that the Trafalgar Street property was not used to facilitate unlawful activities.

7. Improvements on the land apparently included a residence and a barn. *Id.* at 1008–09.

illegal activities of its owner, the claimant[8] argues that the dental office did not facilitate and was not substantially connected to Dr. Schifferli's criminal activities. Rather, claimant argues that the Trafalgar Street premises was a legitimate place of business which merely housed the prescription pads, whereas the illegal prescriptions were written by Dr. Schifferli at his leisure at various locations in addition to the subject property.

Adoption of claimant's argument, however, might well render the forfeiture provisions an illusory remedy against participants in illegal drug transactions. Clearly Dr. Schifferli's practice itself had a substantial connection to the numerous counts of criminal activity to which he now stands convicted. Without his license to practice dentistry, he would have been unable to issue prescriptions for any reason, legitimate or illegitimate. Claimant has conceded this much. But claimant has conveniently chose to overlook the numerous factors which render the practice inseparable from the property itself. First, many of the patients who received the illegal prescriptions made regular appointments to see Dr. Schifferli at the subject property. Query whether Dr. Schifferli could have conducted his dental practice from a phone booth? The practice had to have a situs, and the subject property provided the location both for a legitimate dental practice and from which to facilitate unlawful activities. Consequently, the practice, and the subject real property which provided the necessary situs, both facilitated Dr. Schifferli's criminal activities. Furthermore, Dr. Schifferli received money, in addition to normal fees incurred for legitimate dental work, for writing such prescriptions on the subject property. Accordingly, the subject property cannot be said to have had a mere incidental or fortuitous but rather a substantial connection to the underlying criminal activities.

The court must also consider the broad implications of claimant's argument. It would be the rare case that otherwise forfeitable property would not also have some legitimate purpose or use in addition to its nexus to unlawful activities. If the presence of any legitimate use for the property could be used to defeat forfeiture, however, 21 U.S.C. § 881 would be rendered a dead letter. This same logic is equally applicable to claimant's argument that only Dr. Schifferli's practice was substantially connected to the unlawful activities. If followed to its logical conclusion, this argument could be used to defeat the government's attempt to forfeit an airplane which carried contraband, on grounds that the airplane merely "housed" the illegal substances, and that it was the pilot's license which was substantially connected to the illegality. Obviously, the absurd implications of claimant's arguments are numerous and cannot be sanctioned by this court.

Finally, the claimant contends that *United States v. Certain Lots in Virginia*

---

8. The sole claimant with standing to challenge the government's forfeiture action is Dr. Schifferli himself. Mrs. Schifferli deeded her interest in the subject property to her husband on June 1, 1970. Nonetheless, she now claims an equitable interest in the property pursuant to the South Carolina equitable distribution statute. However, these provisions were not even effective until June 13, 1986, *see* S.C.Code Ann. §§ 20–7–471 *et seq*, well after the subject property had been illegally used by Dr. Schifferli. As previously stated, title vests in the United States upon use of the property to facilitate unlawful transactions. 21 U.S.C. § 881(h); *In Re Metmor Financial, Inc.*, 819 F.2d 446, 448 (4th Cir.1987). Consequently, Mrs. Schifferli has no standing to contest the forfeiture of the subject property. Absent standing, Mrs. Schifferli's motion for summary judgment against the government is mooted. *See 26.075 Acres*, 687 F.Supp. at 1010.

Dr. George Crawford, in default for his failure to answer the government's complaint, also lacks standing to contest forfeiture of the property. Dr. Crawford's claim to an interest in the property is based on his status as tenant. Even assuming that a lessee can contest forfeiture, it is clear that Dr. Crawford's interest arose after Dr. Schifferli's use of the subject property for unlawful purposes beginning in September 1984. Currently, Dr. Crawford has a month to month lease with the United States Marshal. Nevertheless, his leasehold interest did not begin until title to the property had already vested in the United States pursuant to § 881(h). Assuming he did have standing, moreover, Dr. Crawford has failed to present the court with any convincing argument against allowing forfeiture under the present circumstances. Accordingly, Dr. Crawford's status as tenant is no bar to allowing forfeiture in the present case.

*Beach,* 657 F.Supp. 1062 (E.D.Va.1987) compels this court to deny the government's motion for summary judgment in the present case. In that case, the court determined that an amount of cocaine, along with a scale, was present in the claimant's house for a few hours at most, and that the house had never been used to hide or store any drugs. Further, the claimant had allowed the government informant to meet him at the house, but only as the result of the informant's insistence. Concluding that the connection between the property and the drug transaction was only incidental or fortuitous, the court granted summary judgment in favor of the claimant. *Id.* at 1065–66.

Obviously, the facts of the present case are readily distinguishable. Regular use of premises to write illegal prescriptions for over a nine month period is far removed from use of realty to store drugs on one occasion and then only for a few hours. Further, the fact that the informant insisted upon meeting the claimant at the Virginia Beach property cannot be overlooked as a factor militating against disposition of that case in favor of the government.

In the present case, however, the record is devoid of any evidence that the government maneuvered to subject the Trafalgar Street property to forfeiture during the criminal investigation which led to Dr. Schifferli's conviction. Rather, the undisputed evidence from the criminal trial reveals that he voluntarily and freely engaged in the aforementioned illegal activities which were facilitated by the subject property. Moreover, even claimant has conceded that the government's strategy during Dr. Schifferli's criminal case was to attempt to show that numerous transactions had taken place outside the office, as a means of showing that legitimate appointments were not made when Dr. Schifferli wrote many of the illegal prescriptions. Thus, it cannot be said the government improperly arranged transactions on the subject property to facilitate its forfeiture. Consequently, *Certain Lots in Virginia Beach* does not preclude the court from granting summary judgment in favor of the government in the instant case.

Based on the foregoing analysis and cited authorities, the court is constrained to grant summary judgment in favor of the government. Claimants Dr. Schifferli and Ann G. Schifferli's motion for summary judgment is denied. Rule 56, Fed.R.Civ. Proc.

IT IS SO ORDERED.